## HEDGER v HAMMOND et

Ohio Appeals, 1st Dist, Hamilton Co

No 4386. Decided Nov 20, 1933

## OPINION

By HAMILTON, PJ.

The question before this court is the motion to dismiss the petition in error, on the ground that there is no bill of exceptions, signed and allowed by the trial court and no complete transcript of the docket and journal entries filed in the case. As a further ground for the dismissal of the petition in error, it is urged that the plaintiff in error took no exceptions to the distribution of the funds in the hands of the sheriff derived from the sale of certain real estate, the subject-matter of the action, and accepted his distributive share without exception or reservation.

The bill of exceptions was in narrative form, and a motion was made in the trial court to strike certain matter therefrom. The trial court had signed the bill of exceptions while the motion was pending and the matter being called to his attention, ordered certain matter to be stricken from the bill and withdrew his signature from the bill, and an entry was placed of record withdrawing his signature.

Counsel for plaintiff in error asks for a diminution of the record to have the bill of exceptions corrected. There being no bill of exceptions, there is nothing to correct.

However, as we have frequently held, the failure to file a bill of exceptions in this court in a case is not sufficient ground for dismissing the petition in error, as there may be errors to consider dehors the bill.

There is no complete transcript of the docket and journal entries, so that it would be impossible to pass upon any other errors assigned.

The journalized entry fails to disclose any exception taken by plaintiff in error to the distribution of the fund. The original entry does show an interlineation, wherein the name of plaintiff in error appears as excepting, but the journalized entry does not show any such exception. It, therefore, appears that the interlineation must have been entered after the journalizing of the entry. Having accepted his distributive share without objection, and it being made to appear that all the money has been distributed, the plaintiff in error will not be heard to complain of some objection to the procedure to sell the real estate.

The motion to dismiss the petition in error is sustained.

CUSHING and ROSS, JJ, concur.