WRIGHT v McCULLOUGH et

Ohio Appeals, 5th Dist, Licking Co

No 1843. Decided May 25, 1936

Walter Dunwoody, Newark, for Pearl McCullough.

William F. Lavin, Newark, for Ernest E. Drumm and Florence Drumm.

## OPINION

By LEMERT, PJ.

This cause comes into this court upon a petition in error from the Common Pleas Court of Licking County, Ohio. The cause was submitted to the lower court upon an agreed statement of facts and is submitted to this court upon the same statement of facts, which in substance are as follows:

It is agreed that the plaintiff filed his petition on the 28th day of October, 1931: that personal service was had on Pearl McCullough, and that final judgment was rendered in favor of the plaintiff December 3, 1931; that the taxes due on said premises December 20, 1929, were paid December 27, 1929, and that said taxes were not delinquent the length of time required by statute to authorize foreclosure proceedings for the collection thereof; that the property was ordered sold by the court, and was sold by sheriff's deed to Mable Priest and Irvin Priest for the sum of Three Hundred and Thirty Dollars; that after the payment of the costs and taxes the balance of the sale price, to-wit, Two Hundred Fifty Dollars and two cents, was paid to Pearl McCullough; that at the time of the sale taxes in the amount of Twenty-one Dollars and Thirteen Cents were due on said premises; that Pearl McCullough was dispossessed of said real estate in January, 1932, and has not received any income therefrom to date; that the reasonable rental value of said premises is and was Eight Dollars per month; that on the 9th day of July, 1932, the defendants, Ernest E. Drumm and Florence Drumm, purchased said property from Mable and Irvin Priest for the sum of Four Hundred and Fifty Dollars; that they have expended the sum of One Hundred and Fifty Dollars for improvements.

It is also agreed that Ernest E. Drumm and Florence Drumm would testify that they had no actual notice of any irregularities in the sale of said property or any defects in the title, and that they made no examination of the title to said property or caused any examination thereof to be made.

It is further agreed that on the 23rd day of May, 1935, the court, on the petition of Pearl McCullough, set aside the judgment heretofore rendered in this case and granted said defendant below leave to plead. Whereupon, said defendant, Pearl McCullough, filed her answer asking that plaintiff's petition be dismissed, and for all further and proper relief.

So that, upon the foregoing statement of facts, we have the situation of Pearl McCullough asking for the vacating of a judgment rendered at a previous term of the Common Pleas Court, and we note that under §11580 GC, it is specifically provided that if such a petition is filed, such application must be made when with reasonable diligence the grounds for a new trial could not be discovered before but are discovered after the term at which the decision was rendered or made.

We note that there was no allegation in the petition that Pearl McCullough used reasonable diligence or that said grounds to vacate said judgment were discovered after the term of court at which it was rendered or after the use of reasonable diligence on her part.

The petition alleges that Ernest E. Drumm and Florence Drumm purchased this real estate by virtue of a judicial sale, which they claim was irregular and obtained by fraud on the part of Ellis Wright, Treasurer, as plaintiff.

Sec 11633 GC provides:

"The title to property which is the subject of the judgment or order sought to be opened, and which, by or in consequence

of the judgment or order has passed to a purchaser in good faith, shall not be affected by proceedings under the next two preceding sections; nor shall the title to property sold before judgment under an attachment be thereby affected."

We are of the belief that this section was enacted to provide protection to purchasers at a juidcial sale from defects in the proceedings in obtaining the judgment and order of sale. In this case we have what might be termed an innocent fourth party, Ernest E. Drumm and Florence Drumm, who purchased the property from Irvin Priest, the original purchaser at the sheriff's sale.

**Sec 11702 GC** provides:

"If a judgment, in satisfaction of which lands or tenements are sold, be thereafter reversed, such reversal shall not defeat or affect the title of the purchaser. In such case restitution must be made by the judgment creditor, of the money for which such lands or tenements were sold, with lawful interest from the day of sale."

**Section 126, under Judicial Sales, Ohio Jurisprudence, Volume 24,** sets out the following rule:

"A sale under a judicial order ought always to confer upon the purchaser a title free from all claims of the litigant parties, and it is an elementary proposition that when proprety is sold in a judicial proceeding, that the sale vest title in the purchaser free from all rights of all parties to the action."

Under §128:

"A purchaser at a judicial sale who has made his purchase and paid his money upon the faith of proceedings regular on their face, had in a court of competent jurisdiction, and without actual or constructive notice of any defects therein or outstanding equities, occupies the position of a purchaser in good faith for a valuable consideration, and is protected as such."

Section 129:

"Judgments of courts having apparent jurisdiction of the subject-matter and parties in an action are conclusive as to matters purporting to have been adjudicated, and * * * especially where the rights of innocent third persons, who are purchasers at judicial sales made under the alleged void order of courts, have intervened."

We believe that the public policy of this state is to protect the title of purchasers at judicial sales who purchase relying upon that verity which the record itself imports; that this public policy of the state has been recognized in a measure by the Legislature is revealed from an examination of statutes as a result of which it is held that the reversal of a judgment under which lands and tenements are sold shall not defeat or affect the title of the purchaser. Sound public policy demands the rule that innocent persons who purchase relying upon the verity of judicial records shall be protected in their purchases.

The Supreme Court of Ohio, in the case of **Stewart v Kellough, 104 Oh St, 373,** held:

"The title of a purchaser for value in good faith is protected by §11633 GC against the consequences of having a judgment vacated under §11631 GC.

"The right to have a judgment vacated under §11631 GC does not constitute lis pendens so as to charge a bona fide purchaser with notice."

The Supreme Court of Ohio, in **128 Oh St, 51,** in affirming the Court of Appeals in the case of **Hedge v Hammond** et, reported in **47 Oh Ap, 397 (16 Abs 422),** on this proposition said, (quoting from the last sentence of the court's opinion):

"Having accepted his distributive share without objection * * * the plaintiff in error will not be heard to complain of some objection to the proceure to sell the real estate."

We note that there was no prayer in the answer of Pearl McCullough for rents and profits, and even if there was such prayer, we are of the opinion that there would be no authority in law for granting it. Pearl McCullough accepted her money, made no objections, filed no answer, and now comes into court without even offering to tender back the money she received, and asks the court to return the property to her after it has passed through two hands. We are of the opinion that to do this would be inequitable and unjust and not in accordance with the law and decisions of the State of Ohio.

We are therefore of the opinion that this case should be and the same is hereby reversed and remanded to the Court of Common Pleas for further proceedings according to law. Exceptions may be noted.

SHERICK and MONTGOMERY, JJ, concur.